UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
VICENTE CALDERON, on behalf of himself and others similarly situated,

                                      Plaintiff,

-against-

ABC CORP. d/b/a LAKE CHAMPLAIN CLEANING SERVICES, LAKE CHAMPLAIN CLEANING SERVICES, and JAMES BEDARD,

                                     Defendants.
-----------------------------------------------------------------------X

Civil Action No.: 8:25-cv-316(AMN/PJE)

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL REQUESTED**

Plaintiff, Vicente Calderon ("Plaintiff"), on behalf of himself and others similarly situated, by his attorneys, Law Offices of Yale Pollack, P.C. and The Law Office of Patrick Sorsby, PLLC, as and for his Collective Action Complaint against Defendants, ABC Corp. d/b/a Lake Champlain Cleaning Services, Lake Champlain Cleaning Services and James Bedard (collectively "Defendants"), alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff worked as a cleaner for Defendants at commercial buildings that Defendants had contracts with while in upstate New York from 2017 until his unlawful termination in February 2025. At all relevant times during his employment, Plaintiff (and the FLSA Collective Members – as defined herein) were paid a salary and treated as exempt workers despite performing manual duties and not meeting any criteria for the salary or duties test under any exemption.

2. Plaintiff brings this action, on behalf of himself and other current and former employees similarly situated, to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et seq.* (the "FLSA"). Plaintiff seeks, for himself and other similarly situated employees, unpaid wages, liquidated damages, reasonable attorneys' fees and costs, and all other

appropriate legal and equitable relief, pursuant to 29 U.S.C. §§216(b) and 217, and other applicable federal law.

3. Plaintiff also brings this action, on behalf of himself and other similarly situated employees, to remedy violations of New York State Labor Law, including New York Labor Law §§190 *et seq.*, §§650 et seq. (the "NYLL"), and 12 N.Y.C.R.R. §142-2.2. Plaintiff seeks, for himself and all other similarly situated employees, unpaid wages, statutory damages, pre- and post-judgment interest, reasonable attorneys' fees and costs, liquidated damages and other damages, and all other appropriate legal and equitable relief, pursuant to NYLL §§198, 663.

4. Plaintiff also brings this action, individually, for retaliation under NYLL §215 and NYLL §740, for which he seeks compensatory damages, economic damages, interest, reasonable attorneys' fees and costs, liquidated damages and other damages, and all other appropriate legal and equitable relief

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c) and 217; and 28 U.S.C. § 1337.

6. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

7. Venue is proper in this District under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

8. Plaintiff is an individual who resides in the County of Clinton, State of New York.

9. Upon information and belief, Defendant ABC Corp. d/b/a Lake Champlain Cleaning Services ("ABC") is a domestic corporation authorized to do business in the State of

New York, County of Clinton, with its principal place of business located at 30 Dubois Road, Champlain, New York 12919.

10. Upon information and belief, Lake Champlain Cleaning Services (together, with ABC, will collectively referred to herein as "LCC") is a domestic corporation authorized to do business in the State of New York, County of Clinton, with its principal place of business located at 30 Dubois Road, Champlain, New York 12919.

11. Although LCC has an employer tax identification number as indicated on the W-2s issued to Plaintiff, Plaintiff has been unable to locate any "Inc.," "Corp.," "LLC" or any entity status related to LCC on his paystubs or W-2s.

12. Upon information and belief, Defendant James Bedard ("Bedard") is an owner, officer, director, shareholder and/or member of LCC.

13. Upon information and belief, Bedard resides in the State of New York, County of Clinton, at 30 Dubois Road, Champlain, New York 12919.

14. At all relevant times mentioned herein, Bedard had the power to hire, fire, and control the wages and working conditions of Plaintiff and the FLSA Collective Members (as defined herein).

15. Bedard had authority to, and did in fact, exercise operational control over LCC.

16. Bedard set the manner by which Plaintiff and the FLSA Collective Members were to be paid while employed by LCC.

17. Bedard also participated and/or condoned the retaliation of Plaintiff, as more fully set forth herein.

18. At all times relevant, Defendants were covered by the FLSA and the NYLL.

19. Defendants maintained a common policy and practice of, *inter alia*, not paying

employees for all hours worked during their employment or otherwise notifying them of their rights under the law.

20. At all relevant times, Defendants affected commerce within the meaning of 29 U.S.C. §203(b) by producing goods for interstate commerce, or handling, selling, or working on goods or materials that have been moved in or produced for interstate commerce.

21. Upon information and belief, the gross annual volume of sales made or business done by Defendants was not less than $500,000.

22. At all relevant times, Defendants were Plaintiff's employers, as well as the employers of FLSA Collective Members, within the meaning of the FLSA and the NYLL.

## FACTUAL ALLEGATIONS

23. Plaintiff worked for Defendants from 2017 through February 20, 2025.

**A.     Collective Allegations**

24. Plaintiff started working for LCC in 2017 as a cleaner at commercial properties.

25. At all times during his employment, all equipment used by Plaintiff to perform his duties was provided by Defendants.

26. Upon information and belief, Defendants entered into contracts with companies to clean their commercial spaces.

27. At the commencement of his employment, Plaintiff was responsible cleaning only one building.

28. As time progressed, Plaintiff was assigned additional buildings to clean by Defendants.

29. From the commencement of his employment until the termination of his employment by Defendants in February 2025, Plaintiff performed the manual following duties

assigned by Defendants, among others, at the locations set forth herein during the hours described below depending on the season and location: (a) empty trash and change bags; (b) wipe down surfaces; (c) clean glass and mirrors; (d) dust mop, vacuum, sweep, scrub and mop; (e) clean service bays; (f) clean bathrooms; (g) clean meeting rooms; (h) sweep patient rooms; (i) perform deep cleaning; and (j) perform other miscellaneous cleaning duties as assigned and needed.

30. Although he is not in possession of records Defendants are required to keep under the NYLL, Plaintiff does not recall working in excess of forty hours per workweek until June 2021, when Bedard took over as owner of LCC.

31. Once Bedard took over as owner of LLC, commencing in June 2021, Defendants assigned a schedule to Plaintiff of working seven days per week with no days off.

**A.    Winter Hours (December through March)**

32. On Sundays, Plaintiff would work the following hours at the following locations and would perform the following duties:

    a. Della Kia – 5:30 a.m. until 9:00 a.m.

    b. Della Subaru – 9:30 a.m. until 1:00 p.m.

    c. Della Kia – 8:45 p.m. until 12:00 a.m.

    d. Della Subaru – 12:15 a.m. until 3:00 a.m.

33. On Mondays through Thursdays, Plaintiff would work the following hours at the following locations and would perform the following duties:

    a. Champlain Spine and Pain Management – 4:00 p.m. until 6:25 p.m.

    b. Surgical Pain Center of the Adirondacks – 9:30 a.m. until 1:00 p.m.

    c. Della Kia – 8:45 p.m. until 12:00 a.m.

    d. Della Subaru – 12:15 a.m. until 3:00 a.m.

34. On Fridays, Plaintiff would work the following hours at the following locations and would perform the following duties:

   a. Surgical Pain Center of the Adirondacks – 4:00 p.m. until 6:00 p.m.

   b. Della Kia – 6:00 p.m. until 9:30 p.m.

   c. Della Subaru – 9:45 p.m. until 1:00 a.m.

35. On Saturdays, Plaintiff would work the following hours at the following locations and would perform the following duties:

   a. Surgical Pain Center of the Adirondacks – 5:00 a.m. until 7:30 a.m.

   b. Champlain Spine and Pain Management – 7:40 a.m. until 10:30 a.m.

   c. Champlain Toxicology Lab – 10:45 a.m. until 12:45 p.m.

   d. Della Kia – 5:00 p.m. until 8:00 p.m.

**B.     Spring, Summer and Fall Hours (April through November)**

36. On Sundays, Plaintiff would work the following hours at the following locations and would perform the following duties:

   a. Della Kia – 5:30 a.m. until 7:30 a.m.

   b. Della Subaru – 7:45 a.m. until 10:45 a.m.

37. On Mondays through Thursdays, Plaintiff would work the following hours at the following locations and would perform the following duties:

   a. Champlain Spine and Pain Management – 4:15 p.m. until 6:15 p.m.

   b. Surgical Pain Center of the Adirondacks – 6:30 p.m. until 8:30 p.m.

   c. Della Kia – 8:45 p.m. – 12:00 a.m.

   d. Della Subaru – 12:15 a.m. until 3:15 a.m.

38. On Fridays, Plaintiff would work the following hours at the following locations and

would perform the following duties:

    a. Surgical Pain Center of the Adirondacks – 4:00 p.m. until 6:00 p.m.

    b. Della Kia – 6:15 p.m. until 9:00 p.m.

    c. Della Subaru – 9:15 p.m. until 12:00 a.m.

39. On Saturdays, Plaintiff would work the following hours at the following locations and would perform the following duties:

    a. Surgical Pain Center of the Adirondacks – 5:30 a.m. until 6:00 a.m.

    b. Champlain Spine and Pain Management – 6:15 a.m. until 8:30 a.m.

    c. Champlain Toxicology Lab – 2:00 p.m. until 4:00 p.m.

    d. Della Kia – 5:00 p.m. until 8:00 p.m.

40. At no time during his employment was Plaintiff required to clock in or clock out for the time he worked.

41. Plaintiff's pay was never negotiated but was set by Defendants.

42. At no time was there any agreement between Plaintiff and Defendants that the salary paid to him was intended to cover all hours worked during a given workweek.

43. In exchange for his services, for the relevant time periods Plaintiff believes he was paid the following salaries per workweek but would need the pay records supposed to be kept by Defendants under the NYLL because the amounts were not always consistent and he only has access to some of the paystubs in his possession:

    a. 2021 – $1,000.00

    b. 2022 – $1,414.00

    c. 2023 – $1,414.00

    d. 2024 – $1,314.00

  e. 2025 - $1,454.00

 44. Based on the failure to receive a wage acknowledgment or accurate wage statements, Plaintiff did not know that he was entitled to be paid an hourly wage and overtime for hours worked in excess of forty hours per workweek.

 45. Had Defendants advised Plaintiff of the hourly rate to which he was entitled and an overtime rate that would be owed to him if he worked in excess of forty hours per workweek, Plaintiff would have asked to be paid that hourly rate and overtime rate as soon as he learned that he was putting in extensive hours working for them, but Defendants never tracked Plaintiff's time.

 46. Plaintiff would have insisted to be paid and hourly rate and overtime rate had he been notified of his legal rights to those wages.

 47. On the grounds of equitable tolling, the statute of limitations for all claims asserted by Plaintiff and the putative class members should be tolled due to the failure to provide appropriate and required notice of the law.

**B.** **Individual Allegations**

 48. On or about February 20, 2025, Plaintiff texted Bedard about his accrued vacation hours.

 49. In response, Bedard told him that he did not have the time to look into that because he was "too busy" and to do an extra good job at the places he was assigned to work.

 50. Plaintiff then responded that he had not taken a day off in three years and that he would not continue working under those conditions until he was informed about his earned vacation days.

 51. As well, Plaintiff notified Defendants that he was under the care of a doctor and needed to take off from February 21, 2025 until February 24, 2025.

52. Critically, Defendants never provided Plaintiff with sick days as required under New York State law.

53. When Plaintiff complained about these issues, Bedard's response was that he was going to call the cops if he would not return the keys to the buildings he had to access the location he cleaned.

54. Plaintiff complied by returning the keys to Bedard and was terminated from his employment.

## COLLECTIVE ACTION ALLEGATIONS

55. Plaintiff brings Counts One and Two as a collective action pursuant to Section 216(b) of the FLSA, on behalf of himself and others similarly situated, which shall include:

> All persons who work or worked for Defendants who were paid a salary instead of an hourly rate from six (6) years prior to the filing of the original Complaint in this action through the date of final judgment in this matter who elect to opt-into this action (the "FLSA Collective Members").

56. At all relevant times, Plaintiff and the FLSA Collective Members are and have been similarly situated, have had substantially similar job requirements, job duties and pay provisions, and are and have been subject to Defendants' decision, policy, plan, practice, procedure, routine, and rules to willfully fail and refuse to pay them the legally required minimum wage and overtime hours for all hours worked.

57. Other similarly situated employees to Plaintiff who were or are employed by Defendants should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide other salaried employees who worked for Defendants to receive notice of the action and allow them to opt-in to such an action if they so choose.

58. Counts One and Two are properly brought under and maintained as an opt-in collective action pursuant to Section 216(b) of the FLSA. The FLSA Collective Members are readily ascertainable from records that Defendants are required by law to maintain. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Section 216(b) of the FLSA.

## COUNT ONE
### (Failure to Pay Minimum Wages – FLSA, Brought by Plaintiff on Behalf of Himself and the FLSA Collective Members)

59. Plaintiff, on behalf of himself and the FLSA Collective Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

60. Defendants engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

61. Defendants were required to pay directly to Plaintiff and the FLSA Collective Members at least the applicable minimum wage rates for all hours worked.

62. Defendants failed to pay Plaintiff and the FLSA Collective Members the minimum wages to which they are entitled under the FLSA.

63. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.

64. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

65. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective Members.

66. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

67. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

**COUNT TWO**
**(Failure to Pay Overtime Wages – FLSA, Brought by Plaintiff on Behalf of Himself and the FLSA Collective Members)**

68. Plaintiff, on behalf of himself and the FLSA Collective Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

69. The FLSA requires that employers pay all employees at least one and one-half times the employee's wage for all hours worked in excess of forty during any workweek, unless they are exempt from coverage.

70. During his employment, Plaintiff and the FLSA Collective Members were misclassified.

71. During his Plaintiff, Plaintiff and the FLSA Collective Members regularly worked overtime, without receiving any premium pay for hours worked in excess of forty per workweek.

72. At all relevant times, Defendants willfully, regularly, repeatedly, and knowingly failed to pay Plaintiff and the FLSA Collective Members the required overtime wages to which she is entitled.

73. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective Members have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant

to 29 U.S.C. §§ 201 *et seq.*

## COUNT THREE
### (Failure to Pay Minimum Wages – NYLL, Brought by Plaintiff)

74. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

75. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

76. At all times relevant, Plaintiff was an employee of Defendants, and Defendants were employers of Plaintiff, within the meaning of the NYLL §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

77. Defendants have failed to pay Plaintiff the minimum hourly wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

78. Pursuant to the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, Defendants have been required to pay Plaintiff the full minimum wage at a rate in New York State to the present, under the NYLL §§ 650 et seq. and the supporting New York State Department of Labor Regulations.

79. Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff, Defendants willfully violated the NYLL, Article 19, §§650 et seq., and the supporting New York State Department of Labor Regulations.

80. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT FOUR
### (Failure to Pay Overtime Wages – NYLL, Brought by Plaintiff)

81. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

82. The NYLL requires that employers pay all employees at least one and one-half times the employee's wage for all hours worked in excess of forty during any workweek, unless they are exempt from coverage.

83. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

84. At all times relevant, Plaintiff has been an non-exempt employee of Defendants, and Defendants have been employers of Plaintiff, within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

85. Defendants have failed to pay Plaintiff the overtime wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

86. Pursuant to the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, Defendants have been required to pay Plaintiff the unpaid overtime wages to the present, under the NYLL §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations.

87. Through their knowing or intentional failure to pay overtime wages to Plaintiff, Defendants willfully violated the NYLL, Article 19, §§650 *et seq.*, and the supporting New York State Department of Labor Regulations.

88. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT FIVE
### (Failure to Pay Spread of Hours – NYLL, Brought by Plaintiff)

89. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

90. During his employment, Plaintiff would, at times, work a spread of more than ten hours in a workday.

91. Defendants willfully failed to compensate Plaintiff with an extra hour's pay at the basic New York minimum hourly wage rate on days in which the length of his workday was more than ten hours, as required by New York law.

92. Through their knowing or intentional failure to pay Plaintiff spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

93. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid spread-of-hour wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

## COUNT SIX
### (Wage Notice Violations – NYLL, Brought by Plaintiff)

94. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

95. Defendants failed to furnish Plaintiff with wage notices as required by NYLL §195(1), in English or in the language identified by each employee as their primary language, at the time of hiring and with any change in pay, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging

allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary

96. Due to Defendants' violations of NYLL §195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiffs and the Class Members with proper wage notices, or a total of five thousand dollars, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL §198(1-b).

97. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

## COUNT SEVEN
### (Wage Statement Violations – NYLL, Brought by Plaintiff)

98. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

99. Defendants failed to furnish Plaintiff with an accurate statement with every payment of wages as required by NYLL §195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

100. Due to Defendants' violations of NYLL §195(3), Plaintiffs is entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiffs

with proper wage statements, or a total of five thousand dollars, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL §198(1-d).

## COUNT EIGHT
### (Unlawful Retaliation under NYLL § 215, Brought by Plaintiff)

101. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

102. Plaintiff made good-faith complaints to Defendants that they failed to pay him earned vacation wages and sick time under New York State Law.

103. Plaintiff's complaints constitute protected activity under the NYLL.

104. Defendants retaliated against Plaintiff by continuing to require him to work without pay, never making him whole, and ultimately terminating his employment.

105. Defendants' retaliatory conduct violates NYLL § 215.

106. Plaintiff is entitled to compensatory damages and other appropriate relief, including without limitation, back pay, front pay, lost benefits, and costs and attorneys' fees in an amount to be determined at trial.

## COUNT NINE
### (Unlawful Retaliation under NYLL § 740, Brought by Plaintiff)

107. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

108. Defendants retaliated against Plaintiff by terminating his employment based on him complaining about a policy, statute, rule or regulation that he thought was illegal.

109. In response to his complaints, Defendants terminated Plaintiff's employment.

110. Defendants' retaliatory conduct violates NYLL § 740.

111. Defendants' retaliatory conduct was willful, malicious, or wanton under NYLL §

740.

112. Plaintiff is entitled to appropriate relief, including without limitation, front pay, compensation for lost wages and benefits, costs and attorneys' fees, a civil penalty, and punitive damages in an amount to be determined at trial.

## JURY DEMAND

Plaintiff, on behalf of himself and the FLSA Collective Members, demands a trial by jury on all causes of action and claims with respect to which they have a right to a jury trial.

## BCL §630 / LLCL §609 NOTICE AND DEMAND

Pursuant to New York Business Corporation Law ("BCL") §630 and/or New York Limited Liability Company Law ("LLCL") §609, Plaintiff hereby advises that he intends to hold Defendants' top ten shareholders and/or members liable for the unpaid wages referenced herein. Further, Plaintiff demands that Defendants permit an examination of its record of shareholders under BCL §624 so that liability may be imposed on its top ten shareholders for the unpaid wages referenced herein.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, on behalf of himself and the FLSA Collective Members, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Members and authorizing prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all FLSA Collective Members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

B. Awarding Plaintiff and similarly situated co-workers damages for the amount of unpaid wages under the FLSA and/or the NYLL, including unpaid minimum wages, overtime

wages, and spread of hours;

  C. Awarding Plaintiff and similarly situated co-workers liquidated damages in an amount equal to wages owed pursuant to 29 U.S.C. §216(b) and liquidated damages and other statutory remedies pursuant to the NYLL;

  D. Awarding Plaintiff compensatory damages for his NYLL retaliation claims, including economic damages, emotional distress damages, attorneys' fees and costs;

  E. Awarding pre- and post-judgment interest as permitted under the law;

  F. Awarding the costs of this action together with reasonable attorneys' fees; and

  G. Granting such other and further relief as this Court deems necessary and proper.

Dated: March 11, 2025
   Syosset, New York

Respectfully submitted,

**LAW OFFICE OF PATRICK SORSBY, PLLC**

By: */s/ Patrick Sorsby*
  Patrick Sorsby, Esq.
40 Colvin Avenue, Suite 203
Albany, New York 12265
(518) 456-4529
sorsbylaw@gmail.com
*Attorneys for Plaintiff and FLSA Collective Members*

**LAW OFFICES OF YALE POLLACK, P.C.**

By: */s/ Yale Pollack*
  Yale Pollack, Esq.
66 Split Rock Road
Syosset, New York 11791
(516) 634-6340
ypollack@yalepollacklaw.com
*Incoming Attorneys for Plaintiff and FLSA Collective Members*